# Redacted
# Exhibit A
# to
# Notice of Removal

EFiled: Jul 1 2005 3:02PM EDT
Filing ID 6133510

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| MARY A FROEHLICH | : |
| | : Civil Action No. _____ |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| VERIZON, INC., a Delaware corporation; | : |
| MUTUAL OF OMAHA, a foreign | : |
| insurance company | : |
| | : |
| Defendants. | : |

## COMPLAINT

1. Plaintiff for purposes of this action can be reached by and through her attorneys at Charles Gruver III, P.A., 724 Yorklyn Road, Suite 315, Hockessin, Delaware.

2. Verizon, Inc. is a Delaware corporation who is the successor to Bell Atlantic, Inc. and Diamond State Telephone Company (hereinafter collectively "Verizon"). Service can be made on Verizon by serving its registered agent, Corporation Trust Company, at 1209 Orange Street, Wilmington, Delaware.

3. Mutual of Omaha ("Mutual of Omaha") is a foreign insurance company authorized to provide insurance, including long term health care benefits, to residents of the State of Delaware. Defendant Mutual of Omaha's agent for purposes of this litigation is the Delaware Insurance Commissioner, 841 Silver Lake Boulevard, Rodney Building, Dover, Delaware 19904.

## FACTS

4. Plaintiff's deceased husband, Hervey W. Froehlich became employed by Verizon on or around September 15, 1947. He retired as an active employee of Verizon in the early 1980s when his job responsibilities included manager of both Diamond State Telephone Company and Bell of Pennsylvania. For all relevant timeframes contained within this Compliant, Plaintiff was the spouse of Hervey W. Froehlich. Upon retirement, Mr. Froehlich began receiving certain retirement benefits including a pension from Verizon.

5. After retirement, Mr. Froehlich and Plaintiff, as his spouse, were offered through Verizon the opportunity to contract with Mutual of Omaha for certain long term care insurance benefits (hereinafter "Long Term Care"). Mutual of Omaha was the organization chosen by Verizon to offer such benefits to its retirees.

6. On or around April 1, 1990, Mr. Froehlich applied for Long Term Care benefits from Mutual of Omaha with a maximum daily benefit of $100.00. At that time, Plaintiff, as Mr. Froehlich's spouse, also applied for similar benefits under the same insurance plan. These applications for Long Term Care insurance were approved by Mutual of Omaha and payments of the premiums were paid through an automatic deduction in Mr. Froehlich's monthly pension payment.

7. Mr. Froehlich passed away in July, 1999 and his monthly pension, or a portion thereof, accrued to Plaintiff as his surviving spouse. From April of 1990 through the beginning of April of 2000, Plaintiff's Long Term Care insurance premiums continued to be paid by Verizon to Mutual of Omaha via a pension

deduction.

8. On or around February, 2000, Plaintiff, as the surviving spouse of Mr. Froehlich, was offered by Mutual of Omaha an opportunity to increase her Long Term Care coverage by $20.00 per day with a corresponding increase in her monthly premium. With the approval of Verizon, Plaintiff received an application from Mutual of Omaha for such additional coverage. Plaintiff completed the application for such increased benefits on or around February 9, 2000 as shown in attached Plaintiff's Exhibit A.

9. By correspondence dated April 10, 2000, Plaintiff was specifically advised by Mutual of Omaha that Plaintiff's application for increased Long Term Care coverage was approved and became effective April 1, 2000. See attached Plaintiff's Exhibit B.

10. Under the February 2000 application completed by Plaintiff, and accepted, implicitly or expressly by Verizon and Mutual of Omaha, payment of the premium for such Long Term Care would be paid via a pension deduction.

11. Plaintiff heard nothing more on this matter until on or around October of 2003, when, because of health deterioration, she applied for benefits under the Long Term Care plan. On or around November 10, 2003, Plaintiff was admitted to a nursing home which should have entitled Plaintiff to receive Long Term Care benefits. On information and belief applicable Long Term Care benefits were to begin 3 months after her admission into a nursing home.

12. On or around November of 2003, Plaintiff was advised by Mutual of

Omaha that no Long Term Care coverage existed in any form or in any amount, and had not existed since the April of 2000, for failure to pay the monthly premium.

13. Mutual of Omaha had never advised Plaintiff at any time after accepting her application for increased Long Term Care coverage that such coverage was in jeopardy or had been terminated for failure to pay premiums.

14. If the premiums were not paid, it was due either to the failure of Defendant Verizon to make such payments and/or Defendant Mutual of Omaha's failure to properly credit such payments on behalf of Plaintiff.

## COUNT I – SPECIFIC PERFORMANCE

15. Plaintiff incorporates here in by reference the allegations found in paragraphs 1 through 14 above.

16. As a result of Verizon's failure to pay over to Mutual of Omaha the required monthly premium to pay the long term health care benefits, or, alternatively, Defendant Mutual of Omaha's failure to correctly apply such payments being made by Verizon for such Long Term Care benefits, Plaintiff has been denied Long Term Care coverage since she was admitted into a nursing home on or around November 10, 2003.

17. Alternatively, Mutual of Omaha breached its contractual responsibility, whether expressed or implied, to notify Plaintiff that her Long Term Care coverage was in jeopardy at any time since the spring of 2000 for failure to pay the required premiums thereby causing Plaintiff to be unaware that premium payments were not being timely made.

18. Because it is unknown as to how long Plaintiff will need Long Term Care coverage, it is impossible to calculate the extent of monetary damages for such breach by Defendants, thereby necessitating specific performance. As such, Plaintiff has no adequate remedy at law.

## COUNT II – BREACH OF CONTRACT

19. Plaintiff incorporates herein by reference the allegations found in paragraphs 1 through 18 above.

20. If Defendants had not breached their contracts with Plaintiff, Plaintiff would have received daily Long Term Care coverage benefits of $120 from on or around February 10, 2004 to the entry of judgment in this action. As such, Plaintiff is entitled to incidental damages equal to the amount of $120 per day from on or around February 10, 2004 until judgment of specific performance is ordered by this Court.

## COUNT III - NEGLIGENCE

21. Plaintiff incorporates herein by reference the allegations found in paragraphs 1 through 20 above.

22. Defendants were negligent in failing to properly credit Long Term Care premium payments, or pay over the required Long Term Care benefits and/or by failing to notify Plaintiff that her Long Term Care coverage was in jeopardy for failure to properly pay the required premiums. As such, Plaintiff is entitled to damages equal to $120 per day from on or around February 10, 2004 until she no longer needs such benefits.

## COUNT IV – PROMISSORY ESTOPPEL

23. Plaintiff incorporates herein by reference the allegations found in paragraphs 1 through 22 above.

24. Defendants, jointly and severally, promised Plaintiff that she would receive Long Term Care coverage and that such premiums would be automatically withdrawn from her pension benefits. It was the Defendants' reasonable expectation that Plaintiff would forebear purchasing other similar benefits from another source. Plaintiff reasonably relied on that promise to her detriment and did not secure such coverage elsewhere. Defendants' promise is binding because injustice can only be avoided by its enforcement.

WHEREFORE, Plaintiff prays as follows:

A. Plaintiff be awarded specific performance of contract(s) for Long Term Care coverage as applied for and accepted effective April, 2000 in the amount of $120 per day.

B. The Court awarded incidental monetary damages of $120 per day from on or around February 10, 2004, until the entry of specific performance is granted by the Court or until she no longer needs such benefits.

C. Alternatively, that the Defendants, jointly and severally, be ordered to pay damages to Plaintiff in the amount of $120 per day from on or around February 10, 2004, until she no longer needs such benefits based on Defendants' negligence and/or promissory estoppel.

D. Defendants be responsible to pay all fees and costs of Plaintiff incurred in this action, including attorney fees; and

E.  The Court award such other and further relief as the Court deems proper.

CHARLES GRUVER III, P.A.

/s/ Charles Gruver III (#433)
_____

Charles Gruver, III
Suite 315
724 Yorklyn Road
Hockessin, DE  19707
(302) 239-3911
Attorney for Plaintiff

Dated:  July 1, 2005



Mutual of Omaha Insurance • Home Office: Mutual of Omaha Plaza, Omaha, Nebraska 68175 • (402) 342-7600

EFiled: Jul 1 2005 3:02PM EDT
Filing ID 6133510

April 10, 2000

Mary Froehlich
334 Devon Way
West Chester, PA 19380

                              GMLC-2V65 Division 00001
                              Applicant Mary Froehlich

Dear Ms. Froehlich,

We have received your request to increase your original Maximum Daily Benefit by $20 in accordance with the Benefit Increase Provision of your certificate.

The requested increase has been approved and will become effective on April 1, 2000. The additional premium for this increase is $50.40 and your total monthly premium will now be $158.40.

If you were required to complete a health application, a copy for your records is attached.

If you have questions, or if we can be of any service, please call the Long-Term Care Customer Service Line at 1-800-877-1052 from 8:00 A.M. to 4:30 P.M. Central Time Monday through Friday (except holidays).

Thank you for your continued coverage with Mutual of Omaha.

Sincerely,

Mutual of Omaha
Group Long-Term Care

GUIS 16 FEB '00

HOME OFFICE USE ONLY

EFiled: Jul 1 2005 3:02PM EDT
Filing ID 6133510

APPROVED
DATE 3-13-00

Division ___
Class ___
Effective D___

## Benefit Increase Option Application

GUIS 10 MAR ---

Group Name __Bell Atlantic__    Policy Number __GMLC-2V65__

1. **Applicant Information**

   GDMS 15 FEB '00

   Name __MARY A. FROEHLICH__    Social Security No. ████████

   Address __334 DEVON WAY__

   City __WEST CHESTER__    State __PA__    Zip Code __19380__

   Daytime Telephone Number (__610__) __436-6363__

   Date of Birth __12/1/23__

   Height __5'2"__    Weight __115__    Sex __F__

2. **Current Premium Payment Method (Check One)**

   ___ Payroll Deduction

   _X_ Pension Deduction

   ___ Direct Bill  ___ Quarterly  ___ Semiannually  ___ Annually

3. **Amount of Increase Being Applied For**

   $20

4. **HEALTH INFORMATION**

   (a) In the past five years, have you ever had, been advised by a physician that you had or received treatment for:
   (Circle conditions answered "Yes" and give details on reverse side.)

   |     | Yes | No |
   |-----|-----|-----|
   | (1) High blood pressure, chest pain, heart attack or stroke? | ☒ | ☐ |
   | (2) Alzheimer's disease, seizures or convulsions, paralysis, mental or nervous disorder, or brain disease or disorder? | ☐ | ☒ |
   | (3) Cancer, leukemia, malignant growth or any form of tumor? | ☐ | ☒ |
   | (4) Diabetes, kidney disease or disorder, or any other disorder of the urinary system? | ☐ | ☒ |
   | (5) Asthma, emphysema or any lung disease or other respiratory disorder? | ☐ | ☒ |
   | (6) Arthritis, neuritis, rheumatism, gout or any disease of, disorder or injury to the back, spine, bones, muscles or joints? | ☐ | ☒ |
   | (7) Alcohol abuse, drug abuse, Acquired Immune Deficiency Syndrome (AIDS) or AIDS Related Complex (ARC)? | ☐ | ☒ |

PLEASE RETURN THE ATTACHED FORM TO THE ATTENTION OF:
S1 - GROUP UNDERWRITING INDIVIDUAL SELECTION

MLJ06021

11651GA-M-EZ BIO

$50.40

    (8) Any loss of hearing, or loss of or partial loss of use of any eye,
        limb, hand or foot? ☐ ☑

b) Have you ever used a wheelchair, crutches, cane, walker or other mobility aid
   (i.e., braces, prosthesis, etc.)? If "Yes," give details below. ☐ ☑

c) Within the past 12 months, have you used medication, received medical treatment
   or been confined to a hospital, nursing home or convalescent facility?
   If "Yes," give details below. ☐ ☑

d) Within the past five years, have you had any mental or physical disorder or
   bodily injury not listed above? If "Yes," give details below. ☐ ☑

| Ques No. | Condition, Injury, Symptoms of Ill Health or Findings of Examination (if Operation Performed, State Type) | Month and Year | Duration | Degree of Recovery | Name, Address and ZIP Code of Hospital and Attending Physician |
|---|---|---|---|---|---|
| 4(a)(1) | TAKES ALTACE BUT | | 6 yrs + | 100% | DR. STADLIN |
| | DOSEN'T HAVE HIGH | | | | PAOLI HOSPITAL |
| | BLOOD | | | | PAOLI, PA |
| 13% | 78/78 AS OF 2/28/00 | | | | |

e) Can you perform each of the activities of daily living listed below without physical or mechanical assistance or supervision? (If any question is answered "No," give details below.)

                            Yes  No                              Yes  No
    (1) Get in or out of bed    ☑  ☐    (4) Dress    ☑  ☐
    (2) Take medications    ☑  ☐    (5) Toilet    ☑  ☐
    (3) Eat, prepare meals    ☑  ☐    (6) Bathe    ☑  ☐

Details for "No" answers:

_____

_____

### STATEMENT OF APPLICATION

I apply for an increase in my Long-Term Care Maximum Daily Benefit for myself. I understand that the increase will not begin until Mutual of Omaha approves the increase. I have given the above answers to obtain this increase. These answers are true and complete to the best of my knowledge and belief. I know that the increase could be void if answers are not true and complete. I understand I am not eligible for this increase if I am currently receiving long-term care services. I hereby certify I am not currently receiving any long-term care services.

To: Physicians, Hospitals and Other Providers of Health Care Services, Insurers, Employers and Group Policyholders

    You may give Mutual of Omaha health, job status or other insurance information about me. You may also give this information about me. You may also give this information to Mutual of Omaha's reinsurer or to the Policy Administrator. Health information includes all records about: (a) physical and mental health, (b) medical history and (c) drug and alcohol use. This information will be used to evaluate my application. This form will be valid for 30 months from when it is signed. A photocopy of this form is as valid as the original. A copy of this form will be provided and will be made a part of my certificate. I understand the certificate is subject to all policy provisions including payment of premium.

_Mary A. Froehlich_                                            _Feb. 9, 2000_
(Signature of Applicant)                                          (Date)

11651GA-M-EZ B10

**CERTIFICATE OF SERVICE**

I, Stephen J. Neuberger, being a member of the bar of this Court, do hereby certify that on August 8, 2005, I caused a two (2) copies of this **Amended Exhibit**, to be served on the following individuals by the means indicated:

> Charles Gruver, III, Esq.
> Charles Gruver, III, P.A.
> Suite 315
> 724 Yorklyn Road
> Hockessin, DE 19707
> (Via U.S. Mail)

> Karen Lee Turner, Esq.
> Eckert Seamans Cherin & Mellott, LLC
> 4 East 8th Street, Suite 200
> Wilmington, DE 19801
> (Via CM/ECF)

> Edward S. Rooney, Jr., Esq.
> Eckert Seamans Cherin & Mellott, LLC
> One International Place, 18th Floor
> Boston, MA 02110-2602
> (Via U.S. Mail)

/s/ Stephen J. Neuberger
**STEPHEN J. NEUBERGER, ESQ.**

Dated: August 8, 2005