UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| MARY A. FROEHLICH,<br>    Plaintiff<br><br>    v.<br><br>VERIZON, INC. and MUTUAL OF<br>OMAHA INSURANCE COMPANY,<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO.  05-564 (SLR) |

**MOTION TO DISMISS OF DEFENDANT**
**MUTUAL OF OMAHA INSURANCE COMPANY**

Now comes the defendant Mutual of Omaha Insurance Company ("Mutual of Omaha"), and moves to dismiss the claims against it in the Complaint, under Federal Rule 12(b)(6), on the ground that these claims are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et seq.

In support of this motion, Mutual of Omaha herewith submits its Memorandum of Law, and states as follows:

    1.    Plaintiff's claims in this action arise out of or relate to an employee benefit plan established by Verizon Communications, which is referred to in the Complaint as Verizon, Inc., for the benefit of its employees and the spouses of its employees.  The existence of this employee benefit plan is established by the allegations of the Complaint (pars. 4 – 7).  As alleged in the Complaint, which for purposes of this motion are assumed to be true, plaintiff is the spouse of Hervey W. Froehlich ("Mr. Froehlich"), who was

employed by defendant Verizon, Inc. until he retired as an active employee of Verizon in the early 1980s. (Par. 4). Upon his retirement, Mr. Froehlich began receiving certain retirement benefits from Verizon, Inc., including a pension. (Par. 4). After his retirement, Mr. Froehlich and plaintiff, as his spouse, were offered through Verizon the opportunity to contract with defendant Mutual of Omaha for certain long term care insurance benefits. (Par. 5). Mutual of Omaha was the organization chosen by Verizon to offer these long term care benefits to its retirees, (Par. 5).

In April, 1990, Mr. Froehlich and plaintiff both elected to participate in the long term care insurance program provided by Verizon and submitted applications to Mutual of Omaha. (Par. 6). The applications were approved by Mutual of Omaha. (Par. 6). Thereafter, premium payments for this long term care coverage provided to Mr. Froehlich and plaintiff were automatically deducted from Mr. Froehlich's monthly pension payment from Verizon. (Par. 6).

Mr. Froehlich passed away in July, 1999 and his monthly pension, or a portion thereof, accrued to plaintiff as his surviving spouse. (Par. 7). From April, 1990 to April, 2000, the premiums to pay for plaintiff's long term care coverage continued to be paid by Verizon to Mutual of Omaha via a pension deduction. (Par. 7). Plaintiff understood that after April, 2000 these premiums continued to be paid via a deduction from the pension she was receiving from Verizon. (Par. 10).

In 2003, plaintiff applied for benefits under the long term care plan. (Par. 11). Mutual of Omaha denied her application on the ground that her long term care coverage was no longer in force due to the failure to pay the monthly premiums. (Par. 12).

2. In the case of <u>Pilot Life Ins. Co.</u> v. <u>Dedeaux</u>, 481 U.S. 41 (1987), the Supreme Court held that state common law claims, based upon an alleged improper denial of benefits under an employee benefit plan, undoubtedly "relate to" an employee benefit plan and therefore fall under ERISA's express preemption clause, 29 U.S.C. §1144(a). <u>Id.</u> at 47.

3. Under the authority of <u>Pilot Life</u> and its progeny, the state common law claims alleged in the Complaint – specific performance, breach of contract, negligence and promissory estoppel – are all preempted by ERISA, and plaintiff's exclusive remedy for her alleged loss of long term care insurance benefits is the civil enforcement provision of ERISA, 29 U.S.C. §1132(a).

4. Therefore, plaintiff's Complaint, as presently constituted, should be dismissed, with leave granted to the plaintiff to file an amended complaint seeking relief under the civil enforcement provision of ERISA, 29 U.S.C. §1132(a).

<u>REQUEST FOR ORAL ARGUMENT</u>

Mutual of Omaha believes that oral argument may assist the Court and wishes to be heard, and therefore requests oral argument.

MUTUAL OF OMAHA INSURANCE COMPANY

By its attorneys,

/s/ Karen Lee Turner
Karen Lee Turner, Esq. (DE Bar No. 4332)
Margaret F. England, Esq. (DE Bar No. 4248)
Eckert Seamans Cherin & Mellott, LLC
4 East 8th Street, Suite 200
Wilmington, DE 19801

OF COUNSEL:

Edward S. Rooney, Jr., Esq.
Eckert Seamans Cherin & Mellott, LLC
One International Place, 18th Floor
Boston, MA 02110-2602
617-342-6863
E-mail: erooney@eckertseamans.com