UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| MARY A. FROEHLICH,<br>      Plaintiff<br><br>    v.<br><br>VERIZON, INC. and MUTUAL OF<br>OMAHA INSURANCE COMPANY,<br>      Defendants | )<br>)<br>)<br>)<br>)   CIVIL ACTION NO. 05-564 (SLR)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT**
**MUTUAL OF OMAHA INSURANCE COMPANY'S MOTION TO DISMISS**

**INTRODUCTION**

Defendant Mutual of Omaha Insurance Company ("Mutual of Omaha") submits this memorandum of law in support of its motion to dismiss the plaintiff's Complaint, under Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted, on the ground that all of the state law claims alleged in the Complaint are preempted by the Employee Retirement Income Security Act ("ERISA") and therefore should be dismissed.

Plaintiff Mary A. Froehlich ("Plaintiff") seeks to recover long term care insurance benefits under an employee welfare benefit plan provided by her late husband's employer, defendant Verizon, Inc., a/k/a Verizon Communications ("Verizon"). Plaintiff's Complaint contains state law claims for specific performance, breach of contract, negligence and promissory estoppel. ERISA preempts all such state law claims. Because ERISA preempts all of Plaintiff's state law claims, Plaintiff cannot state a legally cognizable claim for relief. The

{K0307445.1}

Court, therefore should dismiss the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## LEGAL STANDARD ON MOTION TO DISMISS

It is well-established that in deciding whether a complaint states a legally sufficient claim, the court must look only to the allegations of the complaint.  A court must take the material facts alleged in the complaint as true, and may grant a motion to dismiss for failure to state a claim if it appears, beyond doubt, that the plaintiff can prove no facts entitling him or her to relief.  See Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  Under this pleading standard, Plaintiff's Complaint against Mutual of Omaha in this case should be dismissed.  Plaintiff's state law claims all relate to the long term care benefits that are allegedly due to her under an employee benefit plan governed by ERISA.  Plaintiff cannot, therefore, receive any relief for these state law claims, because all of these claims are preempted by ERISA.

## FACTS MATERIAL TO THE MOTION TO DISMISS
## ALLEGED IN THE COMPLAINT

As alleged in the Complaint, which for purposes of this motion are assumed to be true, Plaintiff is the spouse of Hervey W. Froehlich ("Mr. Froehlich"), who was employed by defendant Verizon, Inc. until he retired as an active employee of Verizon in the early 1980s. (Par. 4).  Upon his retirement, Mr. Froehlich began receiving certain retirement benefits from Verizon, Inc., including a pension. (Par. 4).  After his retirement, Mr. Froehlich and plaintiff, as his spouse, were offered through Verizon the opportunity to contract with defendant Mutual of Omaha for certain long term care insurance benefits. (Par. 5).  Mutual of Omaha was the organization chosen by Verizon to offer these long term care benefits to its retirees, (Par. 5).

In April, 1990, Mr. Froehlich and plaintiff both elected to participate in the long term

care insurance program provided by Verizon and submitted applications to Mutual of Omaha. (Par. 6). The applications were approved by Mutual of Omaha. (Par. 6). Thereafter, premium payments for this long term care coverage provided to Mr. Froehlich and plaintiff were automatically deducted from Mr. Froehlich's monthly pension payment from Verizon. (Par. 6).

Mr. Froehlich passed away in July, 1999 and his monthly pension, or a portion thereof, accrued to plaintiff as his surviving spouse. (Par. 7). From April, 1990 to April, 2000, the premiums to pay for plaintiff's long term care coverage continued to be paid by Verizon to Mutual of Omaha via a pension deduction. (Par. 7). Plaintiff understood that after April, 2000 these premiums continued to be paid via a deduction from the pension she was receiving from Verizon. (Par. 10).

In November, 2003, Plaintiff applied for benefits under the long term care plan. (Par. 11). Mutual of Omaha denied her application on the ground that her long term care coverage was no longer in force due to the failure to pay the monthly premiums. (Par. 12). Plaintiff claims that if in fact premiums were not paid, it was due either to the failure of Verizon to make such payments, and/or Mutual of Omaha's failure to properly credit such payments on behalf of Plaintiff (par. 14). Plaintiff seeks relief from the denial of her claim for long term care benefits based on state common law claims for specific performance, breach of contract, negligence and promissory estoppel.

Plaintiff commenced this action in the Court of Chancery of the State of Delaware in and for New Castle County. The defendants removed the case to this Court on the ground that Plaintiff's claims are preempted by, and arise under, ERISA, and therefore any claim plaintiff

presents is a federal question. 29 U.S.C. §1144. <u>Metropolitan Life Ins. Co.</u> v. <u>Taylor</u>, 481 U.S. 58, 67 (1987).

## ARGUMENT

Settled law in all of the federal circuits, establishes beyond question that ERISA wholly preempts all of Plaintiff's state law claims. Plaintiff, therefore, has failed to state a legally cognizable claim against Mutual of Omaha. Since all of these claims are preempted by ERISA, Plaintiff's only form of relief is under the enforcement provision of ERISA, 29 U.S.C. §1132.

    1.    <u>Plaintiff's Claims Arise From And Relate To An Employee Benefit Plan</u>

The essence of Plaintiff's claim is simply that Mutual of Omaha improperly denied her claim for long term care benefits under the Verizon plan on the ground that her coverage was no longer in force due to the failure to pay the required premiums for the coverage. In paragraph 5 of the Complaint, Plaintiff identifies the employee benefit plan under which she is seeking to recover benefits when she alleges the following:

> After retirement, Mr. Froehlich and Plaintiff, as his spouse, were offered through Verizon the opportunity to contract with Mutual of Omaha for certain long-term care insurance benefits (hereinafter "Long Term Care"). Mutual of Omaha was the organization chosen by Verizon to offer such benefits to its retirees.

This benefit plan, and most notably the life insurance benefits provided by the United of Omaha group policy, constitutes an "employee benefit plan" (29 U.S.C. §1002(3)) and an "employee welfare benefit plan" (29 U.S.C. §1002(1)) under ERISA. The Act defines an employee welfare benefit plan as:

> [A]ny plan, fund or program which was ... established or maintained by an employer ... for the purpose of providing for its participants or their beneficiaries, through the

purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment.... <u>Id</u>.

The test for determining whether an ERISA plan exists was established in the case of Donovan v. Dillingham, 688 F.2d 1367 (11th Cir. 1982) (en banc) where the court stated that an ERISA plan is established "if, from the surrounding circumstances a reasonable person can ascertain the intended benefits, a class of beneficiaries, the source of financing and procedures for receiving benefits." Id. at 1373. The crucial factor in determining if a 'plan' has been established is whether the providing of benefits, or the use of insurance to provide benefits, constituted an expressed intention by the employer to provide benefits on a regular and long term basis. Id. at 1374-75. In this case, Verizon has provided its retired employees with a plan under which they would receive "certain retirement benefits, including a pension." (Complaint – par. 4). In addition, retired employees were entitled to participate in a plan under which they would qualify for long term care insurance benefits. (Complaint – par. 5). These Verizon plans provide the kind of benefits that are described in the ERISA definition of an employee benefit plan in the manner specified by the statute. The Verizon long term benefit plan was established and maintained by Verizon, Mr. Froehlich's employer, and it did so through the use of a "contract with Mutual of Omaha." (Complaint – par. 5). Thus, applying the statutory definition of "employee benefit plan" set forth in 29 U.S.C. §1002(3) to the facts alleged in the Complaint, it is clear that an employee benefit plan providing long term care insurance benefits has been established here.

  2.  Plaintiff's Common Law Claims Are Preempted By ERISA.

ERISA preempts all "state laws insofar as they may now or hereafter relate to any benefit plan." 29 U.S.C. §1144(a). The Supreme Court has construed the phrase "relate to" broadly. See Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 138 (1990). A law "relates to" an

employee benefit plan if "it has a connection with or reference to such a plan." Egelhoff v. Egelhoff, 532 U.S. 141, 148 (2001).

Plaintiff's common law claims here are similar to the claims that was asserted in the landmark Supreme Court decision of Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41 (1987), which first established the scope of ERISA preemption. In Pilot Life, plaintiff Everett Dedeaux sought to recover disability benefits under an employee benefit plan provided by his employer. He asserted a state common law claim for breach of contract and the Supreme Court found this claim to be preempted by ERISA. Id. at 46-48. The Pilot Life holding that state law claims are preempted by ERISA has been followed repeatedly and uniformly over the past twenty years. See, e. g., McClendon, supra, 498 U.S. at 140 (cause of action for wrongful termination based upon employer's desire to avoid paying benefits due under ERISA-covered plan preempted by ERISA); Aetna Health, Inc. v. Davila, 124 S. Ct. 2488, 2495 (2004) ("Therefore, any state law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore preempted."). Keller v. Fortis Benefits Ins. Co., 131 Fed. Appx. 874, 875, n. 1 (3rd Cir. 2005) ("We need not discuss the district court's preemption ruling as the Supreme Court has since decided that bad faith insurance claims under state law are preempted by ERISA, just as the district court ruled," citing Davila.). The ERISA preemption standards established in Pilot Life, and followed most recently in Davila, are controlling here and mandate that plaintiff's common law claims for breach of contract, negligence, specific performance and promissory estoppel be dismissed. While plaintiff could pursue a claim under 29 U.S.C. 1132 (a)(1)(B) "to enforce [her] rights under the terms of the plan," she cannot pursue these common law claims

because these claims are preempted. Thus, the Complaint, as presently stated, should be dismissed.

## CONCLUSION

Plaintiff's claim against Mutual of Omaha relies solely upon state common law theories of recovery and are not brought under ERISA. It is clear from the cases discussed above, and the express terms of the ERISA statute itself, that ERISA preempts the claims being asserted by Plaintiff in this case. When the basis of a dispute arises from an ERISA plan, ERISA sets forth the exclusive remedy that may be asserted. 29 U.S.C. §1132. Plaintiff's allegations have not been brought under ERISA and relief under ERISA has not been alleged. This Court, therefore, should dismiss plaintiff's Complaint against Mutual of Omaha on the ground that the claims asserted therein are preempted by ERISA.

Respectfully submitted,

MUTUAL OF OMAHA INSURANCE COMPANY

By its attorneys,

/s/ Karen Lee Turner
Karen Lee Turner, Esq. (DE Bar No. 4332)
Margaret F. England, Esq. (DE Bar No. 4248)
Eckert Seamans Cherin & Mellott, LLC
4 East 8th Street, Suite 200
Wilmington, DE 19801

OF COUNSEL:

Edward S. Rooney, Jr., Esq.
Eckert Seamans Cherin & Mellott, LLC
One International Place, 18th Floor
Boston, MA 02110-2602
617-342-6863
E-mail: erooney@eckertseamans.com

{K0307445.1}                                8