IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARY A. FROEHLICH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE GROUP LONG TERM CARE BENEFITS )<br>PLAN OF VERIZON COMMUNICATIONS, )<br>INC., a Delaware corporation, )<br>)<br>Defendant. ) | C.A. No. 05-564(SLR) |

## FIRST AMENDED COMPLAINT

1. Plaintiff is an individual and resident of the State of Delaware.

2. The defendant is an employee welfare benefit plan as defined under the Employee Retirement Security Act of 1974 ("ERISA"), 29 U.S.C. §1002(1). The defendant may be sued as an entity pursuant to 29 U.S.C. §1132(d)(1). The sponsor and formal administrator of the defendant is Verizon Communications, Inc., a Delaware corporation ("Verizon"). The insurer and claims administrator of the defendant is Mutual of Omaha Insurance Company, a Nebraska corporation which is qualified to transact insurance business in the State of Delaware.

3. This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 and under ERISA, 29 U.S.C. §1132(f).

4. Verizon is the successor-in-interest to Bell Atlantic Corp. for whom the plaintiff's husband, Hervey W. Froehlich ("Mr. Froehlich") worked until his retirement.

5. Following Mr. Froehlich's retirement, he and the plaintiff were offered, through Verizon, the opportunity to receive long term care (LTC) insurance benefits from Mutual of

Omaha. Verizon chose Mutual of Omaha to provide this benefit to its active and retired employees and delegated to Mutual of Omaha the claims administration of the plan.

6. On or about April 1, 1990, Mr. Froehlich and the plaintiff each applied for LTC insurance from the defendant. The applications were approved by Mutual of Omaha and premiums were paid through automatic payroll deductions from Mr. Froehlich's monthly pension checks.

7. Mr. Froehlich passed away in June 1999 and a portion of his monthly pension accrued to the plaintiff as his surviving spouse. The plaintiff's LTC premiums continued to be automatically deducted from her pension check.

8. In or about February 2000, the plaintiff was offered by Mutual of Omaha, the opportunity to increase her LTC coverage by $20 per day with a corresponding increase in premium. The plaintiff submitted an application for the increase as shown in the attached Exhibit A. In the application, the plaintiff authorized continued pension deduction as the means of premium payment.

9. By correspondence dated April 10, 2000 and attached hereto as Exhibit B, the plaintiff was told by Mutual of Omaha that her coverage increase request had been accepted and became effective as of April 1, 2000.

10. Plaintiff heard nothing more about this matter from the defendant, Verizon or Mutual of Omaha. On or around October 2003, the plaintiff's health deteriorated and she applied for LTC benefits from Mutual of Omaha. On or about November 10, 2003 the plaintiff was admitted to a nursing home which would have entitled her to LTC benefits under the terms of the policy, which benefits were to begin three months after her admission.

11. In November of 2003, plaintiff was advised by Mutual of Omaha that no LTC

coverage existed in any form or amount and had not existed since April 2000, for failure to pay the monthly premium.

12. Neither the defendant, Verizon, nor Mutual of Omaha ever advised the plaintiff at any time after accepting her application for increase in coverage that her coverage was in jeopardy or had been terminated.

13. Furthermore, although the LTC Plan includes a return of premium provision in case of coverage lapse, the defendant has not returned to the plaintiff the premium paid on her policy over the years.

14. Under the terms of the LTC Plan, there is no requirement that the plaintiff avail herself of administrative remedies. Although the Plan establishes an administrative review process, the process is not made mandatory under the terms of the Plan..

## COUNT I

### WRONGFUL DENIAL OF BENEFITS

15. The plaintiff incorporates the averments of the preceding paragraphs herein.

16. The plaintiff made an offer to the defendant to exercise the Benefit Increase Option in the LTC Plan in consideration of an increase in premium to be deducted from the plaintiff's pension check.

17. The foregoing offer was accepted by the defendant with an effective date of April 1, 2000.

18. To the extent that the defendant has failed to collect the agreed premium for the new contract, the plaintiff stands willing, able and ready to pay same, subject to the LTC Plan's waiver of premium provision.

19. The parties had an enforceable contract for the provision of LTC benefits pursuant to the Benefit Increase Option.

20. The defendant has wrongfully denied payment of the LTC benefits to the plaintiff. Mutual of Omaha's decision to deny benefits is subject to heightened scrutiny because Mutual of Omaha both makes the claims decisions and funds the LTC Plan.

21. Pursuant to 29 U.S.C. §1132(a)(1)(B), the plaintiff brings this complaint under ERISA to recover benefits due to her from the defendant and to determine her right to on-going benefits.

## COUNT II

### ESTOPPEL

22. The plaintiff incorporates the averments of the preceding paragraphs herein.

23. The plaintiff reasonably relied on Mutual of Omaha's representation that she was covered at an increased rate for LTC benefits.

24. Such reliance was detrimental to the plaintiff in that she could have shopped for and obtained substitute LTC insurance had she any indication that she was not covered under the LTC Plan.

25. Such reliance was further detrimental to the plaintiff in that even if she knew she was not covered, she would have been unable to obtain equivalent insurance at the rates agreed-to by the defendant.

26. The plaintiff has suffered substantial damages in that she has had to solely bear the cost of her long term care even after participating in the defendant's LTC Plan for many years and believing that she was covered.

27. The defendant is estopped from denying the plaintiff's eligibility for benefits under the

LTC Plan.

WHEREFORE plaintiff respectfully requests that the Court enter an Order:

a) entering judgment in plaintiff's favor and against the defendant for all past due benefits under the LTC Plan at the rate of $120 per day with pre-judgment interest at the legal rate;

b) ordering defendant to pay LTC benefits to the plaintiff on an on-going basis at the rate of $120 per day; and

d) awarding plaintiff's counsel fees under 29 U.S.C. §1132(g) and the costs of this action.

FERRY, JOSEPH & PEARCE, P.A.

/s/Rick S. Miller
RICK S. MILLER (#3418)
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899
(302) 575-1555
Attorney for Plaintiff

Dated: January 3, 2006

# EXHIBIT A

GUIS 16 FEB '00

HOME OFFICE USE ONLY

APPROVED 3-13-00

Division
Class __5__
Effective Date __4/1/00__

## Benefit Increase Option Application

GUIS 10 MAR

Group Name __Bell Atlantic__   Policy Number __GMLC-2V65__

1. **Applicant Information**

   GDMS 15 FEB '00

   Name __MARY A. FROEHLICH__   Social Security No. __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__

   Address __334 DEVON WAY__

   City __WEST CHESTER__   State __PA__   Zip Code __19380__

   Daytime Telephone Number ( __610__ ) __436-6363__

   Date of Birth __12/1/23__

   Height __5'2"__   Weight __115__   Sex __F__

2. **Current Premium Payment Method (Check One)**

   ___ Payroll Deduction

   _X_ Pension Deduction

   ___ Direct Bill  ___ Quarterly  ___ Semiannually  ___ Annually

   MLU05021

   PLEASE RETURN THE ATTACHED FORM TO THE ATTENTION OF:
   S1 - GROUP UNDERWRITING INDIVIDUAL SELECTION

3. **Amount of Increase Being Applied For**

   $20

4. **HEALTH INFORMATION**

   (a) In the past five years, have you ever had, been advised by a physician that you had or received treatment for:
   (Circle conditions answered "Yes" and give details on reverse side.)

   |  | Yes | No |
   |---|---|---|
   | (1) High blood pressure, chest pain, heart attack or stroke? | ☑ | ☐ |
   | (2) Alzheimer's disease, seizures or convulsions, paralysis, mental or nervous disorder, or brain disease or disorder? | ☐ | ☑ |
   | (3) Cancer, leukemia, malignant growth or any form of tumor? | ☐ | ☑ |
   | (4) Diabetes, kidney disease or disorder, or any other disorder of the urinary system? | ☐ | ☑ |
   | (5) Asthma, emphysema or any lung disease or other respiratory disorder? | ☐ | ☑ |
   | (6) Arthritis, neuritis, rheumatism, gout or any disease of, disorder or injury to the back, spine, bones, muscles or joints? | ☐ | ☑ |
   | (7) Alcohol abuse, drug abuse, Acquired Immune Deficiency Syndrome (AIDS) or AIDS Related Complex (ARC)? | ☐ | ☑ |

11651GA-M-EZ BIO

$5040

(8) Any loss of hearing, or loss of or partial loss of use of any eye, limb, hand or foot?

b) Have you ever used a wheelchair, crutches, cane, walker or other mobility aid (i.e., braces, prosthesis, etc.)? If "Yes," give details below. ☐ ☑

c) Within the past 12 months, have you used medication, received medical treatment or been confined to a hospital, nursing home or convalescent facility? If "Yes," give details below. ☐ ☑

d) Within the past five years, have you had any mental or physical disorder or bodily injury not listed above? If "Yes," give details below. ☐ ☑

| Ques No. | Condition, Injury, Symptoms of Ill Health or Findings of Examination (if Operation Performed, State Type) | Month and Year | Duration | Degree of Recovery | Name, Address and ZIP Code of Hospital and Attending Physician |
|---|---|---|---|---|---|
| 4(a)(1) | TAKES ALTACE BUT DOESN'T HAVE HIGH BLOOD | | 6 yrs + | 100% | DR. STADLIN PAOLI HOSPITAL PAOLI, PA |
| 13 | 78/72 AS OF 2/23/00 | | | | |

(e) Can you perform each of the activities of daily living listed below without physical or mechanical assistance or supervision? (If any question is answered "No," give details below.)

|  | Yes | No |  | Yes | No |
|---|---|---|---|---|---|
| (1) Get in or out of bed | ☑ | ☐ | (4) Dress | ☑ | ☐ |
| (2) Take medications | ☑ | ☐ | (5) Toilet | ☑ | ☐ |
| (3) Eat, prepare meals | ☑ | ☐ | (6) Bathe | ☑ | ☐ |

Details for "No" answers:

_____

_____

## STATEMENT OF APPLICATION

I apply for an increase in my Long-Term Care Maximum Daily Benefit for myself. I understand that the increase will not begin until Mutual of Omaha approves the increase. I have given the above answers to obtain this increase. These answers are true and complete to the best of my knowledge and belief. I know that the increase could be void if answers are not true and complete. I understand I am not eligible for this increase if I am currently receiving long-term care services. I hereby certify I am not currently receiving any long-term care services.

To: Physicians, Hospitals and Other Providers of Health Care Services, Insurers, Employers and Group Policyholders

You may give Mutual of Omaha health, job status or other insurance information about me. You may also give this information about me. You may also give this information to Mutual of Omaha's reinsurer or to the Policy Administrator. Health information includes all records about: (a) physical and mental health, (b) medical history and (c) drug and alcohol use. This information will be used to evaluate my application. This form will be valid for 30 months from when it is signed. A photocopy of this form is as valid as the original. A copy of this form will be provided and will be made a part of my certificate. I understand the certificate is subject to all policy provisions including payment of premium.

_____        _Feb. 9, 2000_
(Signature of Applicant)                              (Date)

11651GA-M-EZ BIO

# EXHIBIT B

Mutual of Omaha Insurance • Home Office: Mutual of Omaha Plaza, Omaha, Nebraska 68175 • (402) 342-7600

**Mutual of Omaha**
*People you can count on...*

April 10, 2000

Mary Froehlich
334 Devon Way
West Chester, PA 19380

                                        GMLC-2V65 Division 00001
                                        Applicant Mary Froehlich
                                        SSN 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

Dear Ms. Froehlich,

We have received your request to increase your original Maximum Daily Benefit by $20 in accordance with the Benefit Increase Provision of your certificate.

The requested increase has been approved and will become effective on April 1, 2000. The additional premium for this increase is $50.40 and your total monthly premium will now be $158.40.

If you were required to complete a health application, a copy for your records is attached.

If you have questions, or if we can be of any service, please call the Long-Term Care Customer Service Line at 1-800-877-1052 from 8:00 A.M. to 4:30 P.M. Central Time Monday through Friday (except holidays).

Thank you for your continued coverage with Mutual of Omaha.


Sincerely,



Mutual of Omaha
Group Long-Term Care

## CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing First Amended Complaint were served on January 3, 2006 upon the following persons in the indicated manner:

**By hand:**

Thomas S. Neuberger, Esquire
Stephen J. Neuberger, Esquire
The Neuberger Firm, P.A.
Two East Seventh Street, Suite 302
Wilmington, DE 19801

Karen Lee Turner, Esquire
Margaret F. England, Esquire
Eckert Seamans Cherin & Mellott, LLC
4 East 8th Street, Suite 200
Wilmington, DE 19801

**By first class mail:**

Michael J. Salmanson, Esquire
Scott B. Goldshaw, Esquire
Salmanson Goldshaw, P.C.
2 Penn Center, Suite 1230
Philadelphia PA 19102

Edward S. Rooney, Jr., Esquire
Eckert Seamans Cherin & Mellott, LLC
One International Place, 18th Floor
Boston MA 02110-2602

/s/Rick S. Miller
Rick S. Miller (#3418)