## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MARY A FROEHLICH | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | 05 Civ. 564 (SLR) |
| | : | |
| THE GROUP LONG TERM CARE | : | |
| BENEFITS PLAN OF VERIZON | : | |
| COMMUNICATIONS, INC. | : | |
| | : | |
| Defendants. | : | |

## ANSWER TO FIRST AMENDED COMPLAINT
## OF THE GROUP LONG TERM CARE BENEFITS PLAN
## OF VERIZON COMMUNICATIONS, INC.

NOW COMES Defendant, The Group Long Term Care Benefits Plan of Verizon

Communications, Inc. ("The Plan"), by and through counsel, and responds to the First Amended

Complaint as follows:

1    Admitted.

2.    Admitted in part; denied in part. Defendant admits that it is an employee welfare

benefit plan as defined under ERISA.  Defendant admits that Verizon

Communications Inc. is the plan sponsor of the Plan, and further admits that

Mutual of Omaha Insurance Company is the insurer and claims administrator of

the Plan.

3.    Admitted.

4.    Whether Verizon is a "successor-in-interest" to Bell Atlantic Corp. is a question

of law to which no responsive pleading is required.  Defendant admits that

Mr. Froehlich worked at Bell Atlantic Corporation until his retirement, and further

avers that, according to the Plan's records, plaintiff was Mr. Froehlich's wife.

5.      Admitted.  By way of further response, the Long Term Care Plan constitutes a

"Welfare Benefit Plan" within the meaning of the Employee Retirement Income

Security Act.  Verizon Communications, Inc. is the Plan Sponsor and

Administrator of the Plan within the meaning of ERISA.

6.      After reasonable investigation, the Plan is without knowledge or information

sufficient to form a belief at to the truth of falsity of the allegations of paragraph

6, and they are therefore deemed denied.

7.      Admitted in part; denied in part.  The Plan avers that, to the best of its knowledge,

Mr. Froehlich's date of death is accurate, and that his monthly pension accrued to

his spouse upon his passing.   After reasonable investigation the Plan is without

knowledge or information sufficient to form a belief as to the range of dates

during which premiums were paid via a pension deduction and they are therefore

deemed denied.

8.      After reasonable investigation, the Plan is without knowledge or information

sufficient to form a belief at to the truth of falsity of the allegations of paragraph

8, and they are therefore deemed denied.

9.      After reasonable investigation, the Plan is without knowledge or information

sufficient to form a belief at to the truth of falsity of the allegations of paragraph

9, and they are therefore deemed denied.

10.     After reasonable investigation, the Plan is without knowledge or information

sufficient to form a belief at to the truth of falsity of the allegations of paragraph

10, and they are therefore deemed denied.

11.     After reasonable investigation, the Plan is without knowledge or information

sufficient to form a belief at to the truth of falsity of the allegations of paragraph

11, and they are therefore deemed denied.

12.     Admitted in part; denied in part.  The Plan admits that, to its knowledge, Verizon

did not advise plaintiff at any time after accepting her application for increase in

coverage that her coverage was in jeopardy or had been terminated.  By way of

further response, Defendant is without knowledge or information sufficient to

form a belief as to any communications between Mutual of Omaha and plaintiff,

but avers that, at some point, it believes Mutual of Omaha informed Plaintiff (as

averred in paragraph 11 of the amended complaint) that her coverage had been

terminated.

13.     After reasonable investigation, the Plan is without knowledge or information

sufficient to form a belief at to the truth of falsity of the allegations of paragraph

13, and they are therefore deemed denied.

14.     Denied.  Pursuant to the Plan and the dictates of ERISA, plaintiff is required to

exhaust her administrative remedies as a matter of law.

## COUNT I

15.     Defendant incorporates its responses to the averments of the preceding paragraphs

herein.

16.    Denied as stated.  Any such offer was made by Mutual of Omaha.

17.    After reasonable investigation, the Plan is without knowledge or information
       sufficient to form a belief at to the truth of falsity of the allegations of paragraph
       13, and they are therefore deemed denied

18.    The Plan is without knowledge or information sufficient to form a belief as to
       plaintiff's state of mind regarding her willingness to pay past premiums.

19.    The allegations of paragraph 19 are conclusions of law to which no responsive
       pleading is required, and they are therefore deemed denied.

20.    The allegations of paragraph 20 are conclusions of law to which no responsive
       pleading is required, and they are therefore deemed denied.

21.    Defendant admits that Plaintiff purports to bring Count I pursuant to 29 U.S.C.
       Section 1132(a)(1)(B).


## COUNT II

22.    Defendant incorporates its responses to the averments contained in the previous
       paragraphs of the complaint.

23.    Denied.  After reasonable investigation, Defendant is without knowledge or
       information sufficient to form a belief as the nature of Mutual of Omaha's
       representations, if any, and the reasonableness of plaintiff's purported reliance
       thereon.

24.    Denied.  After reasonable investigation, Defendant is without knowledge or
       information sufficient to form a belief as to the nature of plaintiff's purported

reliance, and therefore cannot respond to the contention as to what plaintiff could or would have done as a result of such reliance.

25.  Denied.  After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the nature of plaintiff's purported reliance, and therefore cannot respond to the contention as to what plaintiff could or would have done as a result of such reliance.

26.  Denied.

27.  The allegations of paragraph 27 contain conclusions of law to which no responsive pleading is required, and they are therefore deemed denied.

WHEREFORE Defendant seeks judgment in its favor, and against Plaintiff, together with such fees and costs as the Court may allow.

## AFFIRMATIVE DEFENSES

1.  Count II fails to state a claim upon which relief can be granted.

2.  Plaintiff has failed to plead "extraordinary circumstances" under Count II.

3.  Plaintiff's claims should be dismissed and/or the matter remanded for failure to exhaust administrative remedies.

4.  The case should be dismissed for failure to join Mutual of Omaha, an indispensable party.

5.  Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

6.  Plaintiff's claims are barred, in whole or in part, by the doctrine of equitable estoppel.

7.      Plaintiff's claims are barred, in whole or in part, by the failure to timely remit

premises due under the Plan.


Respectfully Submitted,

**THE NEUBERGER FIRM, P.A.**


/s/ Stephen J. Neuberger
**THOMAS S. NEUBERGER, ESQ. (#243)**
**STEPHEN J. NEUBERGER, ESQ. (#4440)**
Two East Seventh Street, Suite 302
Wilmington, Delaware 19801
(302) 655-0582
TSN@NeubergerLaw.com
SJN@NeubergerLaw.com

Of Counsel:

**SALMANSON GOLDSHAW, P.C.**
**MICHAEL J. SALMANSON, ESQ.**
**SCOTT B. GOLDSHAW, ESQ.**
2 Penn Center, Suite 1230
Philadelphia, PA 19102
215-640-0593
msalmans@salmangold.com
goldshaw@salmangold.com

*Attorneys for Defendant Verizon, Inc.*

Dated:  January 26, 2006

<u>                         </u>**CERTIFICATE OF SERVICE**

I, Stephen J. Neuberger, being a member of the bar of this Court, do hereby certify that on

January 26, 2006, I caused two (2) copies of **Defendant The Group Long Term Care Benefits**

**Plan of Verizon Communications, Inc.'s Answer to Plaintiff's Amended Complaint**, to be

served by U.S. Mail on the following individuals:


        Rick S. Miller
        Ferry, Joseph & Pearce, P.A.
        824 Market Street, Suite 904
        P.O. Box 1351
        Wilmington, DE 19899
        ***Attorney for Plaintiff***


        with a courtesy copy to:

        Karen Lee Turner, Esq.
        Eckert Seamans Cherin & Mellott, LLC
        4 East 8th Street, Suite 200
        Wilmington, DE 19801

        Edward S. Rooney, Jr., Esq.
        Eckert Seamans Cherin & Mellott, LLC
        One International Place, 18th Floor
        Boston, MA 02110-2602
        ***Attorneys for Mutual of Omaha***


        /s/ Stephen J. Neuberger
        **STEPHEN J. NEUBERGER, ESQ.**


Dated: January 26, 2006