IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARY A. FROEHLICH, ) | |
| ) | C.A. No. 05-564(SLR) |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| THE GROUP LONG TERM CARE BENEFITS ) | |
| PLAN OF VERIZON COMMUNICATIONS, ) | |
| INC., a Delaware corporation, and ) | |
| MUTUAL OF OMAHA INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendants. ) | |

## SECOND AMENDED COMPLAINT

1. Plaintiff is an individual and resident of the State of Delaware.

2. Defendant The Long Term Care Benefits Plan of Verizon Communications, Inc. ("Plan" or "LTC Plan") is an employee welfare benefit plan as defined under the Employee Retirement Security Act of 1974 ("ERISA"), 29 U.S.C. §1002(1). The Plan may be sued as an entity pursuant to 29 U.S.C. §1132(d)(1). The sponsor and formal administrator of the Plan is Verizon Communications, Inc., a Delaware corporation ("Verizon").

3. Defendant Mutual of Omaha Insurance Company ("MOO") is the insurer and claims administrator of the LTC Plan. MOO is a Nebraska corporation which is qualified to transact insurance business in the State of Delaware.

4. This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 and under ERISA, 29 U.S.C. §1132(f).

5. Verizon is the successor-in-interest to Bell Atlantic Corp. for whom the plaintiff's husband, Hervey W. Froehlich ("Mr. Froehlich") worked until his retirement.

6. Following Mr. Froehlich's retirement, he and the plaintiff were offered, through

Verizon, the opportunity to receive long term care (LTC) insurance benefits from MOO. Verizon chose MOO to provide this benefit to its active and retired employees and delegated to MOO the claims administration of the plan.

7. On or about April 1, 1990, Mr. Froehlich and the plaintiff each applied for LTC insurance from the defendant. The applications were approved by MOO and premiums were paid through automatic payroll deductions from Mr. Froehlich's monthly pension checks.

8. Mr. Froehlich passed away in June 1999 and a portion of his monthly pension accrued to the plaintiff as his surviving spouse. The plaintiff's LTC premiums continued to be automatically deducted from her pension check.

9. In or about February 2000, the plaintiff was offered by MOO, the opportunity to increase her LTC coverage by $20 per day with a corresponding increase in premium. The plaintiff submitted an application for the increase as shown in the attached Exhibit A. In the application, the plaintiff authorized continued pension deduction as the means of premium payment.

10. By correspondence dated April 10, 2000 and attached hereto as Exhibit B, the plaintiff was told by MOO that her coverage increase request had been accepted and became effective as of April 1, 2000.

11. Plaintiff heard nothing more about this matter from the defendant, Verizon or MOO. On or around October 2003, the plaintiff's health deteriorated and she applied for LTC benefits from MOO. On or about November 10, 2003 the plaintiff was admitted to a nursing home which would have entitled her to LTC benefits under the terms of the policy, which benefits were to begin three months after her admission.

12. In November of 2003, plaintiff was advised by MOO that no LTC coverage

existed in any form or amount and had not existed since April 2000, for failure to pay the monthly premium.

13. Neither the LTC Plan, Verizon, nor MOO ever advised the plaintiff at any time after accepting her application for increase in coverage that her coverage was in jeopardy or had been terminated.

14. Furthermore, although the LTC Plan includes a return of premium provision in case of coverage lapse, the defendants have not returned to the plaintiff the premium paid on her policy over the years.

15. Under the terms of the LTC Plan, there is no requirement that the plaintiff avail herself of administrative remedies. Although the Plan establishes an administrative review process, the process is not made mandatory under the terms of the Plan..

## COUNT I

### WRONGFUL DENIAL OF BENEFITS

16  The plaintiff incorporates the averments of the preceding paragraphs herein.

17. The plaintiff made an offer to the defendant to exercise the Benefit Increase Option in the LTC Plan in consideration of an increase in premium to be deducted from the plaintiff's pension check.

18. The foregoing offer was accepted by the defendant with an effective date of April 1, 2000.

19. To the extent that the defendant has failed to collect the agreed premium for the new contract, the plaintiff stands willing, able and ready to pay same, subject to the LTC Plan's waiver of premium provision.

20. The parties had an enforceable contract for the provision of LTC benefits

pursuant to the Benefit Increase Option.

21. The defendant has wrongfully denied payment of the LTC benefits to the plaintiff. MOO's decision to deny benefits is subject to heightened scrutiny because MOO both makes the claims decisions and funds the LTC Plan.

22. Pursuant to 29 U.S.C. §1132(a)(1)(B), the plaintiff brings this complaint under ERISA to recover benefits due to her from the defendant and to determine her right to on-going benefits.

## COUNT II

### ESTOPPEL

23. The plaintiff incorporates the averments of the preceding paragraphs herein.

24. The plaintiff reasonably relied on MOO's representation that she was covered at an increased rate for LTC benefits.

25. Such reliance was detrimental to the plaintiff in that she could have shopped for and obtained substitute LTC insurance had she any indication that she was not covered under the LTC Plan.

26. Such reliance was further detrimental to the plaintiff in that even if she knew she was not covered, she would have been unable to obtain equivalent insurance at the rates agreed-to by the defendant.

27. The plaintiff has suffered substantial damages in that she has had to solely bear the cost of her long term care even after participating in the defendant's LTC Plan for many years and believing that she was covered.

28. The defendants are estopped from denying the plaintiff's eligibility for benefits under the LTC Plan.

WHEREFORE plaintiff respectfully requests that the Court enter an Order:

a) entering judgment in plaintiff's favor and against the defendants, jointly and severally, for all past due benefits under the LTC Plan at the rate of $120 per day with pre-judgment interest at the legal rate commencing on February 10, 2004;

b) ordering defendants to pay LTC benefits to the plaintiff on an on-going basis at the rate of $120 per day; and

d) awarding plaintiff's counsel fees under 29 U.S.C. §1132(g) and the costs of this action.

FERRY, JOSEPH & PEARCE, P.A.

/s/Rick S. Miller
RICK S. MILLER (#3418)
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899
(302) 575-1555
Attorney for Plaintiff

Dated: April 6, 2006

## CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing Second Amended Complaint were served on April 6, 2006 upon the following persons in the indicated manner:

**By hand:**

Thomas S. Neuberger, Esquire
Stephen J. Neuberger, Esquire
The Neuberger Firm, P.A.
Two East Seventh Street, Suite 302
Wilmington, DE 19801

Karen Lee Turner, Esquire
Margaret F. England, Esquire
Eckert Seamans Cherin & Mellott, LLC
4 East 8th Street, Suite 200
Wilmington, DE 19801

**By first class mail:**

Michael J. Salmanson, Esquire
Scott B. Goldshaw, Esquire
Salmanson Goldshaw, P.C.
2 Penn Center, Suite 1230
Philadelphia PA 19102

Edward S. Rooney, Jr., Esquire
Eckert Seamans Cherin & Mellott, LLC
One International Place, 18th Floor
Boston MA 02110-2602

/s/Rick S. Miller
Rick S. Miller (#3418)