UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MARY A FROEHLICH | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | 05 Civ. 564 (SLR) |
| | : | |
| THE GROUP LONG TERM CARE BENEFITS PLAN OF VERIZON COMMUNICATIONS, INC., a Delaware corporation, and MUTUAL OF OMAHA INSURANCE CO. | : | |
| | : | |
| Defendants. | : | |

**DEFENDANT THE GROUP LONG TERM CARE
BENEFITS PLAN OF VERIZON COMMUNICATIONS, INC.'S
ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

NOW COMES Defendant, The Group Long Term Care Benefits Plan of Verizon Communications, Inc. ("The Plan"), by and through counsel, and responds to the Second Amended Complaint as follows:

1    Admitted.

2.   Admitted in part; denied in part. The Plan admits that it is an employee welfare benefit plan as defined under ERISA. The Plan admits that Verizon Communications Inc. is the plan sponsor of the Plan. The Plan's capacity to be sued is a conclusion of law to which no responsive pleading is required.

3.   Admitted. The Plan admits that Mutual of Omaha Insurance Company is the insurer and claims administrator of the Plan. The Plan is without information or

        knowledge sufficient to form a belief as to the remaining allegations of paragraph 3 and they are therefore deemed denied.

4. Admitted.

5. Whether Verizon is a "successor-in-interest" to Bell Atlantic Corp. is a question of law to which no responsive pleading is required. Defendant admits that Mr. Froehlich worked at Bell Atlantic Corporation until his retirement, and further avers that, according to the Plan's records, plaintiff was Mr. Froehlich's wife.

6. Admitted. By way of further response, the Long Term Care Plan constitutes a "Welfare Benefit Plan" within the meaning of the Employee Retirement Income Security Act. Verizon Communications, Inc. is the Plan Sponsor and Administrator of the Plan within the meaning of ERISA.

7. After reasonable investigation, the Plan is without knowledge or information sufficient to form a belief at to the truth of falsity of the allegations of paragraph 7, and they are therefore deemed denied.

8. Admitted in part; denied in part. The Plan avers that, to the best of its knowledge, Mr. Froehlich's date of death is accurate, and that his monthly pension accrued to his spouse upon his passing. After reasonable investigation the Plan is without knowledge or information sufficient to form a belief as to the range of dates during which premiums were paid via a pension deduction and they are therefore deemed denied.

9. After reasonable investigation, the Plan is without knowledge or information sufficient to form a belief at to the truth of falsity of the allegations of paragraph 9, and they are therefore deemed denied.

10. After reasonable investigation, the Plan is without knowledge or information sufficient to form a belief at to the truth of falsity of the allegations of paragraph 10, and they are therefore deemed denied.

11. After reasonable investigation, the Plan is without knowledge or information sufficient to form a belief at to the truth of falsity of the allegations of paragraph 11, and they are therefore deemed denied.

12. After reasonable investigation, the Plan is without knowledge or information sufficient to form a belief at to the truth of falsity of the allegations of paragraph 12, and they are therefore deemed denied.

13. Admitted in part; denied in part. The Plan admits that, to its knowledge, it did not advise plaintiff at any time after Mutual of Omaha's purported acceptance of her application for increase in coverage that her coverage was in jeopardy or had been terminated. By way of further response, the Plan is without knowledge or information sufficient to form a belief as to any communications between Mutual of Omaha and plaintiff, but avers that, at some point, it believes Mutual of Omaha informed Plaintiff (as averred in paragraph 12 of the second amended complaint) that her coverage had been terminated.

14. After reasonable investigation, the Plan is without knowledge or information sufficient to form a belief at to the truth of falsity of the allegations of paragraph 14, and they are therefore deemed denied.

15. Denied. Pursuant to the Plan and the dictates of ERISA, plaintiff is required to exhaust her administrative remedies as a matter of law.

## COUNT I

16. Defendant incorporates its responses to the averments of the preceding paragraphs herein.

17. Denied as stated. Any such offer was made by Mutual of Omaha.

18. After reasonable investigation, the Plan is without knowledge or information sufficient to form a belief at to the truth of falsity of the allegations of paragraph 18, and they are therefore deemed denied

19. The Plan is without knowledge or information sufficient to form a belief as to plaintiff's state of mind regarding her willingness to pay past premiums. The Plan admits that Plaintiff's counsel has represented his client's willingness to do so.

20. The allegations of paragraph 20 are conclusions of law to which no responsive pleading is required, and they are therefore deemed denied.

21. The allegations of paragraph 21 are conclusions of law to which no responsive pleading is required, and they are therefore deemed denied.

22. Defendant admits that Plaintiff purports to bring Count I pursuant to 29 U.S.C. Section 1132(a)(1)(B).

## COUNT II

23. Defendant incorporates its responses to the averments contained in the previous paragraphs of the complaint.

24. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as the nature of Mutual of Omaha's representations, if any, and the reasonableness of plaintiff's purported reliance thereon.

25. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the nature of plaintiff's purported reliance, and therefore cannot respond to the contention as to what plaintiff could or would have done as a result of such reliance.

26. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the nature of plaintiff's purported reliance, and therefore cannot respond to the contention as to what plaintiff could or would have done as a result of such reliance.

27. Denied.

28. The allegations of paragraph 28 contain conclusions of law to which no responsive pleading is required, and they are therefore deemed denied.

WHEREFORE Defendant seeks judgment in its favor, and against Plaintiff, together with such fees and costs as the Court may allow.

## AFFIRMATIVE DEFENSES

1. Count II fails to state a claim upon which relief can be granted.

2. Plaintiff has failed to plead "extraordinary circumstances" under Count II.

3. Plaintiff's claims should be dismissed and/or the matter remanded for failure to exhaust administrative remedies.

4. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

5. Plaintiff's claims are barred, in whole or in part, by the doctrine of equitable estoppel.

6. Plaintiff's claims are barred, in whole or in part, by the failure to timely remit premiums due under the Plan.

        Respectfully Submitted,

        **THE NEUBERGER FIRM, P.A.**

        /s/ Stephen J. Neuberger
        Thomas S. Neuberger, Esq. (#243)
        Stephen J. Neuberger, Esq. (#4440**)**
        Two East Seventh Street, Suite 302
        Wilmington, Delaware 19801
        (302) 655-0582
        TSN@NeubergerLaw.com
        SJN@NeubergerLaw.com

Of Counsel:

**SALMANSON GOLDSHAW, P.C.**
Michael J. Salmanson, Esq.
Scott B. Goldshaw, Esq.
2 Penn Center, Suite 1230
Philadelphia, PA 19102
215-640-0593
msalmans@salmangold.com
goldshaw@salmangold.com

*Attorneys for Defendant Group Long Term*
*Care Benefits Plan of Verizon Communications, Inc.*

Dated: April 21, 2006

## CERTIFICATE OF SERVICE

I, Stephen J. Neuberger, being a member of the bar of this Court, do hereby certify that on April 21, 2006, I caused **Defendant The Group Long Term Care Benefits Plan of Verizon Communications, Inc.'s Answer to Plaintiff's Second Amended Complaint**, to be served on the following individuals by the means indicated:

Rick S. Miller
Ferry, Joseph & Pearce, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899
rmiller@ferryjoseph.com
(Via CM/ECF)
*Attorney for Plaintiff*

Karen Lee Turner, Esq.
Eckert Seamans Cherin & Mellott, LLC
4 East 8th Street, Suite 200
Wilmington, DE 19801
kturner@eckertseamans.com
(Via CM/ECF)
*Attorneys for Mutual of Omaha*

Edward S. Rooney, Jr., Esq.
Eckert Seamans Cherin & Mellott, LLC
One International Place, 18th Floor
Boston, MA 02110-2602
ERooney@eckertseamans.com
(Via E-mail)
*Attorneys for Mutual of Omaha*

/s/ Stephen J. Neuberger
**STEPHEN J. NEUBERGER, ESQ.**

Dated: April 21, 2006