IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MARY A. FROEHLICH,<br>Plaintiff | )<br>)<br>)<br>) | |
| v. | )<br>) | CIVIL ACTION NO. 05-564 (SLR) |
| THE GROUP LONG TERM CARE BENEFITS PLAN OF VERIZON COMMUNICATIONS, INC, a Delaware corporation, and MUTUAL OF OMAHA INSURANCE COMPANY,<br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | RE: D.I. 24 |

**ANSWER OF DEFENDANT MUTUAL OF OMAHA INSURANCE
COMPANY TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Now comes defendant Mutual of Omaha Insurance Company ("Omaha") and by and through its counsel, responds to the allegations of the Second Amended Complaint as follows:

1. Omaha lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1, and therefore denies said allegations.

2. Omaha admits the allegations contained in paragraph 2.

3. Omaha admits the allegations contained in paragraph 3.

4. Omaha admits the allegations contained in paragraph 4.

5. Omaha lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5, and therefore denies said allegations.

6. Omaha lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 6, and therefore denies said allegations. Omaha admits the allegations contained in the second sentence of paragraph 6.

7.      Omaha lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 regarding the method or duration of the Froehlichs premium payments as Verizon, Inc. was responsible for collection of premiums from certificate holders and remitted all monthly premiums to Omaha in a single payment with a listing of what was being paid, and therefore denies said allegations. Ohaha admits the remaining allegations contained in paragraph 7.

8.      Omaha lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8, and therefore denies said allegations.

9.      Omaha admits the allegations contained in paragraph 9.

10.     Omaha admits the allegations contained in paragraph 10.

11.     Omaha admits that plaintiff applied for LTC benefits in or about November, 2003. Omaha lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 11, and therefore denies said allegations.

12.     Omaha admits the allegations contained in paragraph 12.

13.     Omaha admits that prior to November, 2003 it had not advised plaintiff that her coverage was in jeopardy or had been terminated. Omaha lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 13, and therefore denies said allegations.

14.     Omaha admits that the Group Long Term Care Policy issued to Verizon, Inc. contains a "Return of Premium Provision," but it denies that the provision applies to plaintiff or that she is entitled to any refund of premiums.

15.     Omaha denies the allegations contained in paragraph 15.

## COUNT I

## WRONGFUL DENIAL OF BENEFITS

16. Omaha incorporates its responses to the averments of the preceding paragraphs of the complaint.

17. Denied as stated. Any offer to exercise the Benefit Increase Option in the LTC Plan was made in consideration of premiums actually being paid for the benefit increase and said premiums were never in fact paid to Omaha.

18. Denied as stated. Premiums were never paid for the increased benefits and therefore there was no consideration for the benefits applied for.

19. Omaha lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19, and therefore denies said allegations. Omaha denies that plaintiff is able to cure its failure to pay premiums.

20. Omaha denies the allegations contained in paragraph 20.

21. Omaha denies the allegations contained in paragraph 21.

22. Paragraph 22 contains no allegations of fact but only conclusions of law and requires no response. To the extent that paragraph 22 contains any allegations of fact, they are denied.

## COUNT II

## ESTOPPEL

23. Omaha incorporates its responses to the averments of the preceding paragraphs of the complaint.

24. Omaha lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24.

25. Omaha lacks knowledge or information sufficient to form a belief as to the truth

of the allegations contained in paragraph 25.

26. Omaha lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26.

27. Omaha denies the allegations contained in paragraph 27.

28. Omaha denies the allegations contained in paragraph 28.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to join a necessary party, Verizon, Inc., which is a necessary party needed to be joined in order to have a complete and just adjudication of plaintiff's claims.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim for long term care benefits should be dismissed because any coverage that plaintiff may have had under the Mutual of Omaha Group Long Term Care Policy issued to Verizon, Inc. terminated for failure to pay the necessary premiums and was no longer in force at the time plaintiff submitted her claim for benefits.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims should be dismissed and/or remanded for failure to exhaust her administrative remedies.

### FOURTH AFFIRMATIVE DEFENSE

Omaha has discretion and final authority to construe and interpret the terms of the Group Long Term Care Policy and to decide all questions regarding the amount and payment of any policy benefits and therefore its decision to deny plaintiff's claim to benefits must be upheld unless it is found to be arbitrary and capricious or an abuse of this discretion, which its decision was not.

WHEREFORE, defendant Mutual of Omaha Insurance Company requests that the plaintiff's Second Amended Complaint be dismissed with prejudice and that it be awarded its costs and fees, including attorneys' fees under 29 U. S. C. § 1132(g).

Dated: May 10, 2006

ECKERT SEAMANS CHERIN & MELLOTT, LLC


/s/ Margaret F. England
Karen Lee Turner, Esq. (Del. Bar #4332)
Margaret F. England, Esq. (Del. Bar #4248)
300 Delaware Avenue, Suite 1360
Wilmington, DE 19801
302-425-0430
kturner@eckertseamans.com
mengland@eckertseamans.com

ECKERT SEAMANS CHERIN & MELLOTT, LLC
Edward S. Rooney, Jr., Esq.
One International Place, 18th Floor
Boston, MA 02110-2602
617-342-6800
erooney@eckertseamans.com

Attorneys for Defendant
Mutual Of Omaha Insurance Company

U0001679

<u>CERTIFICATE OF SERVICE</u>

I, Margaret F. England, do hereby certify that on May 10, 2006 the Answer Of Defendant Mutual Of Omaha Insurance Company To Plaintiff's Second Amended Complaint was served in the manner indicated on:

Rick S. Miller, Esquire
Ferry, Joseph & Pearce, P.A.
824 Market Street
Suite 904
Wilmington, DE 19899
*Via CM/ECF and U.S. Mail*

Thomas S. Neuberger, Esquire
Stephen J. Neuberger, Esquire
The Neuberger Firm, P.A.
Two East Seventh Street, Suite 302
Wilmington, DE 19801
*Via CM/ECF and U.S. Mail*

Michael J. Salmanson, Esquire
Scott B. Goldshaw, Esquire
Salmanson Goldshaw, P.C.
2 Penn Center, Suite 1230
Philadelphia, PA 19101
*Via U.S. Mail*

ECKERT SEAMANS CHERIN & MELLOTT, LLC

/s/ Margaret F. England
Karen Lee Turner, Esq. (Del. Bar #4332)
Margaret F. England, Esq. (Del. Bar #4248)
300 Delaware Avenue, Suite 1360
Wilmington, DE 19801
302-425-0430
kturner@eckertseamans.com
mengland@eckertseamans.com

U0001683